STATE, on relation of RUTHERFORD, *v.* THIRD JUSTICE OF THE PEACE OF NEW ORLEANS.

The Act of 1855, " relative to landlords and tenants," gives jurisdiction of the actions therein specfied to Justices of the Peace, whenever the monthly rent of the premises leased does not exceed one hundred dollars.

Where two parties entered into an agreement by which one of them leased to the other a certain lot of ground, upon which were two houses, at a rent of one hundred and twenty-five dollars per month, and, upon the death of the lessor, the two houses becoming the property of two distinct persons, one of them sought to eject the lessee by suit before a Justice of the Peace—*Held :* That such a lease could not be divided for the purpose of giving jurisdiction to the Justice's Court.

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J. *Mott & Fraser,* for plaintiff and appellant. *Martin Blache,* for defendant.

BUCHANAN, J. *Edmund Freret* leased to *Oliver B. Chapin* a lot of ground in Baronne Street, in this city, on which were two houses, for one year, commencing the 1st of October, 1858, at the rent of fifteen hundred dollars, payable in monthly installments of one hundred and twenty-five dollars each. And it was stipulated in the act of lease, that " in case the leased property should not be sold, at the expiration of the term of the lease, the lessee should have the privilege of holding the said premises for a further term of two years, on the same conditions." *Chapin* transferred his rights under this lease to one *Maynard* in February, 1859. Relator is in the rights of *Maynard.*

The lessor having died, a partition of the leased proper was made among his heirs by licitation ; and the same was adjudicated in two parcels, viz : one of the houses to *George A. Freret* for the sum of $6,700, and the other to *J. Poindexter* for $8,100. It was expressed in the proces-verbal of adjudication, that the purchasers should divide the rent accruing under the aforementioned lease between themselves *pro rata.*

*George A. Freret,* one of these purchasers, instituted proceedings in ejectment of the tenant from the house which he (*Freret*) had purchased, before a Justice of the Peace, under the Act of 1855, No. 284, on the 3d October, 1859. The tenant pleaded as an exception to said action, that the Justice of the Peace was without jurisdiction *ratione materia.*

The exception was overruled, and the defendant thereupon pleaded the general issue.

The Justice gave judgment, decreeing that defendant deliver possession of the premises to plaintiff.

The tenant has sued out a writ of prohibition from the Third District Court of New Orleans, to prevent the execution of the judgment of the Justice of the Peace.

The Act of 1855, No. 284, " relative to landlords and tenants," gives jurisdiction of the actions therein specified to Justices of the Peace, whenever the monthly rent of the premises leased does not exceed one hundred dollars.

It is contended on the part of the appellee, that by the division of the rent under the licitation, the appellee, *George A. Freret,* only receives fifty-six dollars and sixty cents a month rent from appellant, being the proportion which the price of adjudication to appellee bears to the whole amount of sale of the premises

leased. But we think that the lease cannot thus be divided for the purpose of giving jurisdiction of the action of ejectment to the Justice of the Peace.

The amount of monthly rent paid is found in the contract of lease, upon which that action is based. That amount is one hundred and twenty-five dollars a month. The premises leased comprise, it is true, two distinct tenements adjoining each other, and which have become the property of two distinct persons. But the right of occupation of the tenant extends to both these tenements alike, and cannot be divided without his consent. We must suppose that he had some reason for leasing both these tenements together: it is possible that one of them would have been valueless to him without the other.

It appears to us that the Justice's Court was without jurisdiction of the subject-matter.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that the cause be remanded with directions to the court below to grant the prohibition, as prayed for, at costs of *George A. Freret* in both courts.

STATE<br>v.<br>THIRD JUSTICE.